UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID AFFER,

    Plaintiff,                                Case No. 12-12422

v.

                                             Hon. John Corbett O'Meara

VAN DYKE DODGE, INC.,

    Defendant,
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION**

Before the court is Defendant's motion for reconsideration. Plaintiff alleges that Defendant interfered with his rights under the Family Medical Leave Act when it terminated him after he took a medical leave. Defendant filed a motion for summary judgment, which this court denied on October 2, 2013. Defendant seeks reconsideration of that decision.

The standard for granting a motion for reconsideration is as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3). A motion for reconsideration "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." Smith v. Mount Pleasant Schools, 298 F. Supp.2d 636, 637 (E.D. Mich. 2003) (citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 357, 374 (6th Cir. 1998)).

Plaintiff alleges that he requested a few days off from work beginning June 28, 2010, because he was "really sick." Plaintiff contends that his supervisor, Tim Knaffla, permitted him to take time off. Based upon his conversation with Knaffla, Plaintiff believed his supervisor was "okay" with Affer taking a "few days off."

On July 1, 2010, Plaintiff was hospitalized; he was transferred to the Behavioral Center of Michigan on July 2 for rehabilitation and was discharged on July 9. Affer underwent outpatient therapy until July 14, 2010.

When Affer returned to work on July 15, 2010, Knaffla fired him, allegedly because he failed to call or show up for work for three days – from June 29 to July 1, 2010. Affer contends that Defendant interfered with his right to take FMLA leave.

The court determined that, for the time period between June 28 and the morning of July 1, 2010, Plaintiff had not provided adequate notice of a serious

health condition, nor had he suffered from a serious health condition during that time. Defendant contends that this determination should end the inquiry, because Plaintiff cannot make a prima facie case of FMLA interference.

However, although the court found that Plaintiff was not entitled to FMLA leave from June 28 to July 1, the court found that there was an issue of fact regarding whether Plaintiff was terminated for not coming to work during that time period or whether Knaffla *allowed Plaintiff to take time off.* Viewing the facts in the light most favorable to Plaintiff, even though Plaintiff was not entitled to FMLA leave, Knaffla allowed him to take time off work. After being permitted to take time off, Plaintiff was hospitalized on July 1. Plaintiff's hospitalization was the result of a serious health condition, and Plaintiff's girlfriend informed Knaffla of Plaintiff's hospitalization. Therefore, Plaintiff was arguably entitled to FMLA leave beginning July 1. Viewing the facts in the light most favorable to Plaintiff, Defendant interfered with that leave by terminating him on July 15. There is an issue of fact as to whether (1) Defendant terminated him for "no call/no show" as of July 1; or (2) Defendant allowed him time off work and only terminated him after he returned from FMLA leave, which arguably began July 1.

Because there is an issue of fact as to whether Defendant interfered with Plaintiff's right to take FMLA leave, IT IS HEREBY ORDERED that Defendant's

motion for reconsideration is DENIED.

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date: March 18, 2014

     I hereby certify that a copy of the foregoing document was served upon the counsel of record on this date, March 18, 2014, using the ECF system.

                                                  s/William Barkholz
                                                  Case Manager